### CARR v DARLING & CO

Ohio Appeals, 6th Dist, Lucas Co

No 3014. Decided Jan 28, 1935

Foster E. Spence, Toledo, and S. R. Urbanski, Toledo, for plaintiff in error.

Hall & Devlin, Toledo, for defendant in error.

## OPINION

By OVERMYER, J.

The first and decisive question to determine is, which statute of limitations controls,—the Illinois or the Ohio? The draft in this case was payable at Chicago, Illinois, drawn to the account of Darling & Company, Union Stockyards, Chicago, Illinois, and the acceptance thereof was there refused by the defendant and a letter written by the defendant company and mailed from Chicago to Mr. Carr at Toledo advising of their refusal to accept the same.

"Where repudiation by one of contracting parties is relied upon as breach of contract, cause of action arises at place where repudiation occurs."

"Where repudiation of contract is by letter, breach occurs at time and place of delivery of letter for transmission."

Auglaize Box Board Co. v Kansas City Fibre Box Co., 35 Fed., 2nd, 822. (Certiorari denied, 281 U. S. 730).

Clearly, the breach or repudiation of payment of the draft in this case occurred at

Chicago when Darling & Company refused to honor the draft and when their letter of May 10, 1918 was mailed; and as this action was not instituted until May 5, 1933, nearly fifteen years after the repudiation of the contract, the action was barred by Rev. St., 1931, Chap. 83, page 1812, §16, Statutes of Illinois.

We have a statute in Ohio, §11234, GC, which provides as follows:

"If the laws of any state or country where the cause of action arose limits the time for the commencement of the action to a less number of years than do the statutes of this state in like causes of action, then said cause of action shall be barred in this state at the expiration of said lesser number of years."

Judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

RICHARDS and LLOYD, JJ, concur.